■ CRAWFORD GREENLEAF, Appellant, v CHARLES R. LACHMAN, JR., Respondent. [628 NYS2d 268] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 25, 1994, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously modified, on the law, summary judgment is granted to the defendant, and the action is dismissed, without costs.

Plaintiff married the defendant's mother in 1988, and she died less than two years later. Upon her death, plaintiff was willed a cash legacy of $800,000; he also became the sole beneficiary of two joint bank accounts with approximately $2,880,751.23 on deposit. Soon thereafter, plaintiff deposited $500,000 in a bank account for the benefit of his stepson, the defendant in this action, to help him purchase an apartment. Although both plaintiff and defendant understood that the deposit was a gift, plaintiff induced his stepson to sign an unsecured, non-interest bearing promissory note for $500,000, two years after making the deposit, so that plaintiff could avoid paying the applicable gift tax. Later, the relationship between the parties became acrimonious when a dispute arose over the amount of plaintiff's elective share of the defendant's mother's estate. Plaintiff made an unsuccessful demand on the note, then brought a motion before the trial court for summary judgment in lieu of complaint. The trial court denied the motion, and this appeal ensued.

The issue before this Court is whether parol evidence is admissible to prove that the loan agreement, though facially

unambiguous, was nonetheless unenforceable because the parties never considered it a binding debt. The general rule is that parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of an integrated agreement such as the instant note (Richardson, Evidence § 601 [Prince 10th ed], citing *Thomas v Scutt*, 127 NY 133). There are some exceptions to this rule, however, and Mr. Lachman argues that one, which allows the admission of parol evidence not to vary the terms of the writing, but to show that a "writing, although purporting to be a contract, is, in fact, no contract at all" (Richardson, Evidence § 606 [Prince 10th ed]) is applicable.

Courts have declined to apply the exception in somewhat similar situations, on public policy grounds (*see, Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau*, 593 F Supp 239; *see also, Cooper v Cooper & Clement*, 198 AD2d 812, 813), where allowing the debtor to escape the terms of the illusory bargain after the tax evading lender had disappeared from the equation would have the detrimental effect of allowing the scheme to succeed.

Here, however, the facts present subtly different concerns which militate in favor of applying the exception to nullify the contract. In this case the parties to the initial transaction are identical to the litigants before the court, the beneficiary of the tax scheme has not disappeared from the calculus, and there is no third party estate whose interest is involved (*compare, Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau, supra*). In this situation, enforcement of the note in favor of the plaintiff would, in essence, allow the instigator and sole beneficiary of the initial tax evasion scheme also to reap the financial benefit of the illusory debt.

Searching the record (CPLR 3212 [b]), including the submitted parol evidence, we find that enforcement of the note in this instance would be in contravention of the public policy of this forum (*Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 274). We therefore grant summary judgment to the defendant, without costs. Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.