■ R. DWIGHT HARRIS et al., Respondents, v ROYAL CHRYSLER/ONEONTA, INC., Appellant. [657 NYS2d 847] —Mercure, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered August 27, 1996 in Tioga County, which denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs are the parents of Stephen Harris, defendant's principal. In June 1995, in connection with the realignment of ownership of the Harris family's several auto dealerships and other businesses (owned in varying shares by plaintiffs and their three sons), Stephen Harris was granted a 100% interest in defendant. Simultaneously, the parties executed a brief "CONSULTING AGREEMENT", under the terms of which plaintiffs (denominated "Consultant") agreed to:

"supply services in the form of verbal and as-needed written advice in regard to financing floor plan, auction, and used car, sales promotion and other miscellaneous and essential operation of the automobile business

"includ[ing] upon written request from [defendant], appearance at Board of Directors' Meetings, analysis of financial reports, and such other counsel and advice as requested." As for defendant's performance, the agreement provided: "In return for the good counsel and advice, [defendant] agrees to pay a monthly Consulting Fee of $2200.00, commencing August 1, 1995 and terminating July 31, 2005, or at such earlier time in the event of the death of both consultants."

In November 1995, plaintiffs commenced this action to recover the amount of their consulting fees for the months of August, September, October and November 1995. In its answer, defendant asserted as affirmative defenses and counterclaims, *inter alia,* that the consulting agreement was a unilateral agreement requiring defendant to make payments to plaintiffs only when defendant actually requested and received consulting services, none of which were performed during the subject period. Defendant further asserted that by his breach of simultaneous noncompetition and nonraiding agreements and other actions aimed at damaging defendant, plaintiff R. Dwight Harris had violated the relationship of trust and confidence between plaintiffs and defendant and breached the consulting agreement, entitling defendant to rescission thereof.

Following joinder of issue and some discovery, plaintiffs moved for summary judgment, alleging in support of the motion that Stephen Harris had been given all the stock in defendant as part of a transaction whereby plaintiffs gave each of their sons assets valued at $4.1 million. In partial consideration, each son had agreed to provide plaintiffs with retirement income of $2,200 per month. Stephen Harris had requested, however, that his payments be made under the guise of the consulting agreement so that they could be deducted as a business expense. Plaintiffs' claim was substantiated by an affidavit given by the lawyer who had represented the Harris family and their many businesses for a period of 10 years, who conceived the concept of the consulting agreement and who in fact drafted the instrument at issue here. Defendant opposed the motion and cross-moved for summary judgment in its favor. Focusing primarily on the issue of the admissibility of extrinsic evidence concerning whether the parties intended that plaintiffs be required to perform actual consulting services in order to receive the specified monthly payments, Supreme

Court determined that, as in *Greenleaf v Lachman* (216 AD2d 65, 66, *lv denied* 88 NY2d 802), the testimony could be received under the so-called "sham" exception. Then, finding factual questions on a number of relevant issues, Supreme Court denied the motion and the cross motion. Defendant appeals from so much of Supreme Court's order as denied its cross motion.

We affirm. Our view of the matter is actually less favorable to defendant than that adopted by Supreme Court. Notably, we are in agreement with plaintiffs' contention that the terse consulting agreement, containing no integration clause or other indication that it was intended to embody the parties' entire agreement and devoid of detail concerning the extent, duration or frequency of the consulting services that were to be performed, is ambiguous; it offers no guidance on the central question of whether, in any given month, the actual *performance* of consulting services (as contrasted to a mere availability and willingness to perform such services as might be reasonably requested) was a prerequisite to payment of the monthly fee. Further ambiguity is injected by virtue of the agreement's provision that (subject to the July 31, 2005 expiration date), in the event one of the "consultants" should die, payments were to be made to the survivor. In the event that R. Dwight Harris died shortly following the effective date of the agreement, plaintiff Louise A. Harris would serve as the sole surviving "consultant" for a number of years. However, as alleged by defendant in its answer, she has no experience in operating auto dealerships. Under the circumstances, we view this as a case where evidence as to the purpose of the agreement, the circumstances under which it was made and of the negotiations leading up to its execution may serve to resolve any ambiguities (*see, Matter of Consolidated Mut. Ins. Co.*, 77 NY2d 144, 150; *Mister Filters v Weber Envtl. Sys.*, 44 AD2d 639, 640; *Hotel Credit Card Corp. v American Express Co.*, 13 AD2d 189, 191, 193).

Defendant's remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.