■ POLYGRAM HOLDING, INC., Respondent, v AL CAFARO, Appellant. [839 NYS2d 493]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 12, 2005, granting summary judgment to

plaintiff for the enforcement of a promissory note, and denying defendant's motion for discovery, unanimously reversed, on the law, without costs, plaintiff's cross motion for summary judgment denied, defendant's motion to compel discovery granted, and the matter remanded for further proceedings.

Absent fraud or mutual mistake, the parol evidence rule precludes a party from offering evidence to contradict or modify an unambiguous contract (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]). Nevertheless, parol evidence may be offered "to show that a writing, although purporting to be a contract, is, in fact, no contract at all" (*Val-Ford Realty Corp. v J.Z.'s Toy World*, 231 AD2d 434, 435 [1996], quoting *Greenleaf v Lachman*, 216 AD2d 65, 66 [1995], *lv denied* 88 NY2d 802 [1996] [internal quotation marks omitted]). Defendant offered his affidavit and that of John Scher, CEO of a division of plaintiff, both of which are first-hand accounts (*see W. L. Christopher, Inc. v Seamen's Bank For Sav.*, 144 AD2d 809, 811 [1988]), averring that plaintiff's then CEO had expressly told defendant that the loans at issue were meant as compensation to defendant but would be carried on the books as loans merely to appease the parent company, and would be forgiven without defendant being required to repay them. This agreement included a promise that defendant would be guaranteed a bonus in excess of that needed to meet any interest payments on the loans until they were forgiven, the implication clearly being that defendant's bonuses would be increased to cover the interest so that defendant would incur no out-of-pocket expenses in carrying the loans. In addition, the fact that plaintiff had a practice of compensating senior executives with such "sham" loans was supported by the CFO of a subsidiary of the company which acquired plaintiff. Further, plaintiff's former general counsel, Lisa Rothblum, who signed the 1993 loan agreement on behalf of plaintiff, testified that she was surprised that plaintiff sought payment of the loan, but was instructed, based on claims of attorney/client privilege, not to answer further questions when asked why she was surprised by this. This evidence raised sufficient triable issues of fact as to whether these loans were loans at all, or merely "sham" transactions, which were never meant to be binding.

Moreover, defendant's motion to compel certain discovery should have been granted. Disclosure should be permitted for all evidence "material and necessary" to the prosecution or defense of an action (CPLR 3101). What constitutes "material and necessary" should be construed liberally to require disclosure of any facts bearing on the controversy which assist

by sharpening the issues and reducing delay. "The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Furthermore, "[p]retrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof," including material which might be used in cross-examination (*Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr.*, 98 AD2d 624, 625 [1983]. Here, credibility appears central. If Polygram had a practice of arranging payment to its executives through loans with the promise of forgiveness, as the evidence tends to show, this would lend strong support to defendant's position, and the court should have granted defendant's motion to compel such discovery.

We have examined the parties' remaining arguments and find them unavailing. Concur—Saxe, J.P., Sullivan, Nardelli, Gonzalez and Kavanagh, JJ.