OPINION OF THE COURT
Paul G. Feinman, J.
Plaintiff moves the court for an order to compel defendant City of New York to provide all records relating to defendant Rafael Jordan’s employment with the City of New York and all records pertaining to the grievance proceedings relating to Rafael Jordan. Plaintiff also asks the court to compel the City to respond to all other outstanding discovery demands, including but not limited to accident reports, photographs, witness information, expert information and adverse party statements. Additionally, plaintiff seeks an order disqualifying the Corporation Counsel of the City of New York from continuing as counsel to the City of New York. For the reasons which follow, plaintiffs motion is granted to the extent indicated.
Factual Background
Plaintiff Jeremy Miller allegedly was injured on February 16, 2007 when he was struck by a motor vehicle operated by defendant Rafael Jordan and owned by defendant City of New York (aff in support of notice of motion 1i 3). Plaintiff was crossing the street at the intersection of Water Street and Broad Street when he was struck by the city-owned vehicle, and was transported by ambulance to Bellevue Hospital where he remained until April 15, 2007 (aff in support of notice of motion 1111 3, 4). Plaintiff commenced this suit for personal injuries on May 24, 2007 (aff in support of notice of motion 1i 5; exhibit A, verified complaint).
On or about June 26, 2007, the defendant City of New York appeared through the Office of the Corporation Counsel of the City of New York (aff in support of notice of motion IT 5). On or about July 23, 2007, plaintiff served various discovery demands upon defendants, and a case scheduling order was issued on September 28, 2007, which directed the parties to exchange specific items of discovery (aff in support of notice of motion H 6; exhibit B). Defendant Jordan initially did not appear in the action and plaintiff moved for entry of a default judgment against him. In response, Corporation Counsel sought permission to serve an amended answer dated February 15, 2008, in which it appeared on behalf of Jordan (aff in support of notice of motion 11 5; exhibit A).
*888 Shortly thereafter, Corporation Counsel moved by order to show cause to withdraw as counsel for defendant Jordan (aff in support of notice of motion If 7). The court conducted an in camera review of the documents submitted by Corporation Counsel with its application for withdrawal. According to the documents submitted, Jordan was not acting within the scope of his employment and in compliance with agency regulations because he was intoxicated. The court granted the application and relieved Corporation Counsel as attorneys for defendant Jordan by decision and order dated April 30, 2008 (aff in support of notice of motion; exhibit C).
Plaintiff now seeks to obtain from the City all records produced to the court for in camera inspection (aff in support of notice of motion 1i 9; notice of motion, exhibit D). Plaintiff argues that although the records for that in camera inspection were not identified, he understands that they relate specifically to defendant Jordan’s operation of the City vehicle at the time of the incident involving plaintiff (aff in support of notice of motion If 16). Plaintiff further argues that he should be entitled to these records, since no claim has been made that the documents are privileged or otherwise protected from disclosure (aff in support of notice of motion If 16). Plaintiff also contends that despite service of various discovery demands on the City and Jordan, neither defendant has disclosed to plaintiff the requested information (aff in support of notice of motion 1117).
Finally, plaintiff contends that the Corporation Counsel must cease from representing either of the defendants in this action because it is presented with a conflict of interest (aff in support of notice of motion If 10). Plaintiff cites to several canons of the Code of Professional Responsibility and also to Solow v Grace & Co. (83 NY2d 303, 306 [1994]) arguing that these references stand for the proposition that “a lawyer may not appear for and oppose a client on substantially related matters when the client’s interests are adverse” (aff in support of notice of motion 1f1f 11-14).
The City partially opposes plaintiffs motion. First, the City states that it has no opposition to providing Jordan’s employment records, “to the extent that they are business records” (aff in opposition to notice of motion If 3). However, the City requests that Jordan’s employment records be provided for in camera inspection and possible redaction, since “these records may contain medical, confidential and/or personal information not relevant to this case” (aff in opposition to notice of motion *889 1Í 3 [emphasis added]). The City also agrees to provide the records it previously submitted for in camera inspection in support of its application for withdrawal from representation of Jordan (aff in opposition to notice of motion 1i 4). The City, along with its “apologies for the lengthy delay,” has provided plaintiff with responses, dated June 14, 2008, to both the case scheduling order and plaintiffs combined demands (aff in opposition to notice of motion If 5).
The City, however, opposes the branch of plaintiffs motion which seeks to disqualify Corporation Counsel from representing it in this action (aff in opposition to notice of motion If 6). The City argues that it sees no reason for disqualifying Corporation Counsel from representing the City, given that Corporation Counsel has already withdrawn from representing Jordan. The City explained that Corporation Counsel moved to withdraw as Jordan’s counsel after receiving certain records from the Parks Department, a city agency, in response to a request for records regarding the incident at issue. As already indicated, the court’s recollection of those records is that they show that Jordan was intoxicated at the time of the accident and was therefore not acting within the scope of his employment and in compliance with agency regulations. The City further argues that “it makes no sense for Corporation Counsel to disqualify itself from representing the City’s interests simply because it is privy to documents that will soon be made available to all parties” (aff in opposition to notice of motion If 6).
According to the City, before Jordan requested to be represented by the City he was fully apprised of his rights to seek outside counsel in lieu of or in addition to Corporation Counsel and to seek outside counsel in making that decision (aff in opposition to notice of motion If 7). In addition, the City contends that it was fully explained to Jordan that if Corporation Counsel were to later receive information concluding that he was not acting within the scope of his employment or that he violated any agency rule or regulation, the Corporation Counsel would be compelled to withdraw its representation of him (aff in opposition to notice of motion If 7). The City believes that the ethical canons and case law plaintiff cites do not specifically address General Municipal Law § 50-k, “which statutorily allows, and at times, obligates Corporation Counsel to represent multiple clients” (aff in opposition to notice of motion U 8).
In reply, plaintiff first acknowledges receipt of discovery items that were attached to the City’s “Affirmation in Partial Opposi *890 tion” but contends that the discovery response is incomplete (reply aff If 3). Specifically, plaintiff seeks a more complete copy of the driver’s accident report and a clearer photocopy of the MV-104 of defendant Jordan (reply aff H 3). Plaintiff also states that his request for photos and postaccident repair records of the City vehicle involved in the incident remains unanswered (reply aff 11 5).
Plaintiff next argues that the City fails to understand the basis upon which he seeks disqualification of Corporation Counsel as counsel for the City. According to plaintiff, disqualification is sought because the Corporation Counsel previously appeared on behalf of defendant Jordan and may be in a position of prosecuting a cross claim for the indemnification against Jordan or some other adverse action (reply aff If 6). Plaintiff insists that contrary to the City’s contention, disqualification is not being sought simply because Corporation Counsel is “privy to documents” containing personal information about Jordan (reply aff 1f 6), but because its successive representation of one former coclient against another former coclient with regard to the same matter is inappropriate.
Legal Analysis
Discovery
Pursuant to CPLR 3124, any party may move the court for an order to compel discovery. “New York has long favored open and far-reaching pretrial discovery” (Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006]). The CPLR defines the scope of discovery, and provides for full disclosure of all evidence necessary and material in prosecution and defense of an action (CPLR 3101 [a]). Trial courts liberally interpret the words “necessary” and “material” in the statutory language to permit discovery of any facts and documents pertaining to the controversy in issue that will assist a party in its preparation for trial, providing the documents sought are not protected from discovery (see Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 340-341 [1st Dept 2007]; see also Anonymous, 32 AD3d at 358).
Under the provisions of the discovery statutes and relevant case law, “competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party” (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998], quoting O’Neill v Oakgrove Constr., 71 NY2d 521, 529 [1988], mot to amend *891 remittitur denied 72 NY2d 910 [1988]). Thus, discovery may be ordered only if the litigant demonstrates, clearly and specifically, that the items sought are (1) highly material, (2) critical to the litigant’s claim, and (3) not otherwise available (O’Neill v Oakgrove Constr., 71 NY2d at 527).
Applying the foregoing well-settled principles, this motion to compel does not raise any issues as to whether the discovery items sought are “necessary and material” to the case, nor has the City argued that the information sought is unavailable. In fact, the City does not oppose that branch of plaintiffs motion that requests the court to compel certain discovery. Rather, the City acknowledges and “apologizes” for its delay in providing plaintiff with the requested items, and albeit untimely, provides plaintiff with responses to his demand for discovery and inspection. Since plaintiff acknowledges receipt of only some of the requested discovery items, the City is directed to furnish plaintiff with the remaining items requested so that the case may move forward. Specifically, the City is directed to comply with plaintiffs prior requests for photos and postaccident repair records of the city vehicle involved in the incident, and to provide plaintiff with a more complete copy of the driver’s accident report and a clearer photocopy of the MV-104 of defendant Jordan per plaintiffs request. The City is also directed to provide plaintiff with copies of the defendant Jordan’s employment records as well as the records examined in support of the City’s motion for withdrawal from representation of Jordan. The court need not conduct yet another in camera review in the absence of a privilege being specifically asserted by the City or Jordan. The City’s speculation that the documents “may” contain privileged information is merely that, speculation. If the City has a privilege, the time to assert it was in opposition to this motion. The motion is unopposed by Jordan and thus, any privilege which Jordan may have in the information sought has not been asserted. Accordingly, the motion to compel disclosure is granted and the requested disclosure shall be provided within 20 days of service of a copy of notice of entry of this decision and order.
Conflict of Interest
“A lawyer may not both appear for and oppose a client on substantially related matters when the client’s interests are adverse” (Solow v Grace & Co., 83 NY2d 303, 306 [1994]). “When an attorney represents a party against a former client the current client’s interest in vigorous representation poten *892 tially threatens the former client’s expectation of confidentiality” (Solow at 309). Code of Professional Responsibility EC 4-5 provides in part that “[a] lawyer should not use information acquired in the course of the representation of a client to the disadvantage of the client and a lawyer should not use, except with the consent of the client after full disclosure, such information for the lawyer’s own purposes.”
General Municipal Law § 50-k provides for the City’s defense and indemnity of city employees with respect to any alleged act or omission of the employee while acting within the scope of his or her public employment and in the discharge of his or her duties (see General Municipal Law § 50-k [2], [3]).[1] The duty to represent individual defendants exists where Corporation Counsel determines that no violation of any rule or regulation of the employing city agency has occurred, or if no agency disciplinary proceedings have been commenced against the employee, or if disciplinary proceedings resulted in the exoneration of the employee (see General Municipal Law § 50-k [2], [5]).[2] Another limitation on the Corporation Counsel’s power
“to represent . . . individual defendants is the potential conflict of interest arising if both the City and the individuals are named as defendants in an action; if such a conflict exists, as where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to *893 represent the City, cannot represent the individuals” (Mercurio v City of New York, 758 F2d 862, 864 [2d Cir 1985]).
Here, Corporation Counsel continues to represent the City in this action but has withdrawn from its representation of defendant Jordan upon its belief that the parties’ interests are adverse. Indeed, the facts here are a classic conflict of interest as the City will seek to avoid liability by arguing that its now-former employee and codefendant Jordan was acting outside the scope of his employment and in violation of law and agency regulations by driving the city-owned vehicle while intoxicated. Whether Corporation Counsel should be disqualified from its continued representation of the City in this matter depends on several factors, not susceptible to summary determination on papers.
In a formal opinion, the ethics committee of the New York City Bar Association, then known as the Association of the Bar of the City of New York (the committee), addressed the issue concerning an attorney’s successive representation of one former coclient against another former coclient with regard to the same matter. The ethics opinion it issued stated that “one co-client may not enlist [a] lawyer to aid the co-client in a subsequent dispute with the other co-client, because this would undermine the duty of loyalty by the lawyer to the other co-client in the specific matter” (Assn of Bar of City of NY Comm on Prof and Jud Ethics Formal Op 1999-7 [1999]). The committee added that “the lawyer’s duty of loyalty to each client means that a lawyer representing joint clients may not switch sides in the same matter, even if no confidences were imparted to the lawyer.” (Additional emphasis added.)
However, the committee distinguished its conclusion from the Second Circuit’s ruling in Allegaert v Perot (565 F2d 246 [2d Cir 1977]), stating that “[t]he decision in Allegaert was based on the understanding by the joint clients that the law firm would continue to represent the primary client if a dispute arose” (Assn of Bar of City of NY Comm on Prof and Jud Ethics Formal Op 1999-7 n 8 [1999]). In Allegaert, a bankruptcy trustee filed a motion pursuant to Canon 4 of the Code of Professional Responsibility[3] to disqualify corporations’ attorneys who had previously represented their debtor (565 F2d at 248). The court, in denying the trustee’s motion, stated that the corpora *894 tions’ attorneys were not expected by the debtor or anyone else to keep the information provided by the debtor secret from the corporations, which were always the primary clients (Allegaert, 565 F2d at 250). The court held that before a substantial relationship could be found, the trustee was required to demonstrate that the attorneys were in a position where they could have received information that the debtor might reasonably have assumed the attorneys would withhold from the corporations (Allegaert at 250). The court noted that the client relationships were always obvious; any information given to the attorneys “would certainly be conveyed to their primary clients” (Allegaert at 250). Furthermore, any representation was done with the knowledge that the firms were still representing the primary clients’ interests and would continue to do so (Allegaert at 251; see also e.g. Rocchigiani v World Boxing Counsel, 82 F Supp 2d 182 [SD NY 2000]).
While the statutory language in General Municipal Law § 50-k (5) does not explicitly mandate that Corporation Counsel withdraw from representing the individual City employee in a case where there has been disciplinary action against the individual, the statute makes clear that Corporation Counsel is not required to represent the individual defendant if it determines that some misconduct has occurred. According to the City, Jordan requested to be represented by the City and was fully informed of the implications and limitations of that representation. He was also apprised of his right to seek outside counsel in lieu of or in addition to Corporation Counsel. The Assistant Corporation Counsel also avers that Jordan was informed that if, during the underlying incident, he was not acting within the scope of his employment or he violated any agency rule or regulation, then Corporation Counsel would be required to withdraw its representation of him. The description of what transpired prior to the undertaking of representation by Corporation Counsel may in fact be accurate. However, with nothing more than a self-serving affirmation of the Assistant Corporation Counsel, it remains unclear to the court whether defendant Jordan was adequately informed that Corporation Counsel was representing the City’s interests as its primary client in this action, and would continue to do so in the event that it became clear there was a conflict of interest requiring that it be relieved from representing Jordan. In other words, absent some transcript of an inquiry made of Jordan, or of a clear plain language, written advance waiver of a conflict, the court cannot *895 determine that Jordan made a knowing and informed waiver of a conflict of interest at the time he requested representation and indemnification. For these reasons, that branch of the motion seeking to disqualify Corporation Counsel from representing the City of New York is referred to a special referee to hear and report as to whether at the time Corporation Counsel appeared for Rafael Jordan he made a knowing and informed advance waiver of a conflict of interest in the event the Corporation Counsel continued to represent only his codefendant City of New York.
It is therefore ordered that the branch of plaintiffs motion seeking to compel disclosure is granted and the City is directed to provide plaintiff with the discovery items described in the court’s decision within 20 days of service of notice of entry of this order; and it is further ordered that the branch of plaintiffs motion seeking for Corporation Counsel to be disqualified in its representation of the City is granted to the extent of referring to a special referee to hear and report on whether at the time Corporation Counsel appeared for Rafael Jordan he made a knowing and informed advance waiver of a conflict of interest in the event the Corporation Counsel continued to represent only his codefendant City of New York; and it is further ordered that within 15 days of the filing of the referee’s report, the plaintiff shall move to confirm or reject the report; and it is further ordered that other than the document discovery ordered herein, further discovery is stayed pending final determination of the issue of disqualification.

. General Municipal Law § 50-k (2) provides in part that
“[a]t the request of the employee . . . , the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court. . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.”
General Municipal Law § 50-k (3) provides that “[t]he city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court. . . .”

. General Municipal Law § 50-k (5) provides that
“[i]n the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee’s agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.”

. Canon 4 of the Code of Professional Responsibility provides that “[a] lawyer should preserve the confidences and secrets of a client.”