■ JUDY GOLDBERGER, Appellant, v ILYA MAGID et al., Respondents. [19 NYS3d 416]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 3, 2015, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

Plaintiff made a prima facie case by submitting the promissory note and the guaranty with her moving papers and explaining that the maker of the note (defendant Ilya Magid) had failed to make the payments required thereunder (*see e.g. Acadia Woods Partners, LLC v Signal Lake Fund LP*, 102 AD3d 522, 522-523 [1st Dept 2013]; *Zyskind v FaceCake Mktg. Tech., Inc.*, 101 AD3d 550, 551 [1st Dept 2012]). Defendants' claim that the note does not qualify for CPLR 3213 treatment is unavailing: "invocation of defenses based on facts extrinsic to an instrument for the payment of money only do[es] not preclude CPLR 3213 consideration" (*Solomon v Langer*, 66 AD3d 508, 508 [1st Dept 2009] [internal quotation marks omitted]).

However, defendants raised triable issues of fact as to whether the note was, at least in part, a sham transaction (*see e.g. Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 340 [1st Dept 2007]) and whether part of the amount which plaintiff seeks is "the fruit of a crime" (*McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 470 [1960] [internal quotation marks omitted]).

Notwithstanding that Flora Magid's signature of the guaranty is notarized, defendants raised an issue of fact regarding whether it was forged. In addition to Flora Magid denying it was her signature, Ilya Magid admits to forging her signature and describes the circumstance surrounding the execution of the guaranty. In any event, "[a] guaranty . . . is a contract of secondary liability" (*Weissman v Sinorm Deli*, 88 NY2d 437, 446 [1996]). Since the court properly denied summary judg-

ment as to the note (the primary obligation), it also properly denied summary judgment as to the guaranty (the secondary obligation). Concur—Acosta, J.P., Saxe, Richter, Gische and Kapnick, JJ. **[Prior Case History: 2015 NY Slip Op 30149(U).]**