Landa v Friedman (2023 NY Slip Op 06809)

Landa v Friedman

2023 NY Slip Op 06809

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 657198/21 Appeal No. 1329 Case No. 2022-03965 

[*1]Mark Landa etc., Plaintiff-Appellant,
v
Alexander Friedman, Defendant-Respondent.

Hiller, P.C., New York (Michael S. Hiller of counsel), for appellant.
Gallet Dreyer & Berkey, LLP, New York (Kyle G. Kunst of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 8, 2022, which denied plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Supreme Court correctly denied plaintiff's motion. Plaintiff made a prima facie showing by producing the promissory notes that defendant signed and demonstrating that defendant failed to pay (see e.g. Wachovia Bank, N.A. v Silverman, 84 AD3d 611, 612 [1st Dept 2011]), but defendant nonetheless raised a triable issue of fact as to whether the notes were intended to be repaid (see e.g. Greenleaf v Lachman, 216 AD2d 65, 66 [1st Dept 1995]). Defendant has submitted sufficient parol evidence which this Court may consider, including via his affidavit, to raise a triable issue of fact as to whether the notes, "although purporting to be [] contract[s], [are], in fact, no contract[s] at all" (Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 340 [1st Dept 2007]).
Defendant's "allegations cannot be dismissed as conclusory or speculative" (Torelli v Esposito, 63 NY2d 903, 904 [1984]). Instead, defendant has provided sufficient detail to raise a triable issue of fact as to whether the notes were not meant to be repaid, and instead, the funds transferred in connection with the notes were intended as a gift for the purchase of an apartment, with the notes serving to take advantage of annual Internal Revenue Service gift limits (see e.g. Greenleaf at 66).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023