Latin Mkts. Brazil, LLC v McArdle (2024 NY Slip Op 51337(U))

[*1]

Latin Mkts. Brazil, LLC v McArdle

2024 NY Slip Op 51337(U)

Decided on September 27, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 27, 2024
Supreme Court, New York County

Latin Markets Brazil, LLC D/B/A MARKETS GROUP, Plaintiff,

against
William McArdle, THOMAS MALLON, and TITAN INVESTORS LLC, Defendants.

Index No. 654374/2020

Robert R. Reed, J.

A status conference was held on August 13, 2024. In the parties' joint correspondence dated July 3, 2024, plaintiff identified a document called the "Titan Doc" that defendants allegedly failed to produce, and defendants assert that plaintiff has failed to search the personal Gmail account and Google Drive account of John Zajas, plaintiff's Marketing and Data Security Officer.
With respect to the "Titan Doc," during their depositions, defendants Mallon and McArdle testified that they created the document when they formed Titan in July 2020 to track customers and prospective customers they had contacted to solicit and make sales of Titan's competing services and products. They testified that they continue to maintain the document to the present. Plaintiff asserts that the "Titan Doc" is encompassed in its demands in its First, Second, Fourth, and Fifth Notices for Production. In the parties' joint letter, defendants do not dispute that the Titan Doc contains some information that should be produced pursuant to plaintiff's previous requests, but argue that production of the "Titan Doc" is unwarranted, as it contains information about defendants' clients going beyond the relevant time period up to December 31, 2021 to include clients from 2022 to 2024. Defendants argue that information from 2022 to 2024 is sensitive confidential information. Plaintiff does not dispute that the relevant time period ends at December 31, 2021 but maintains that defendants should be able to produce a version of the Titan Doc that is limited to the period ending on December 31, 2021. At the conference, counsel for defendants represented that it may be able to produce a version of the "Titan Doc" that is limited in such a way.
With respect to personal Gmail and Google Drive accounts belonging to Zajas, Zajas testified at his deposition that plaintiff's documents were regularly saved to local drives, computers, and cloud drives, and that he transferred client lists from Google Drive to Box.com or disabled access to such information. Based on this testimony, defendants demanded in their Second Demand for Notice and Production dated April 27, 2022 that plaintiff search for documents and communications in those accounts belonging to Zajas. In response, plaintiff argues that defendants are not entitled to discovery of information in those accounts because Zajas was not identified in the parties' ESI stipulation dated January 17, 2022. However, the court notes that the ESI stipulation permits the parties to "add or remove party custodians as reasonably necessary and as discovery progresses in the case."
NOW, THEREFORE, upon review of the parties' joint correspondence, and in [*2]consideration of the liberal standard set forth by CPLR 3101 (a), which requires "full disclosure of all matter material and necessary in the prosecution or defense of an action" and well-established law that "pretrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof" (Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 341 [1st Dept 2007]), it is hereby
ORDERED that, on or before October 4, 2024, defendants shall provide the document the parties refer to as the "Titan Doc" with information for the period up to December 31, 2021, and defendants may redact the remainder of the information and, to the extent any document is withheld on the grounds of privilege, then a categorical privilege log shall be provided by date same; and it is further
ORDERED that, on or before October 4, 2024, plaintiff shall produce a response producing all non-privileged documents, within plaintiff's possession, custody and control, responsive to defendants' requests numbered 14, 15, 56, 78, and 79, including those located in the personal Gmail and Google Drive accounts of John Zajas, and to the extent any document is withheld on the grounds of privilege, then a categorical privilege log shall be provided by date same; and it is further
ORDERED that, to the extent any document either does not exist or is not within the possession, custody or control of the parties, then a statement to that effect shall be provided by date same; and it is further
ORDERED that the parties appear for a status conference via Microsoft TEAMS on October 8, 2024 at 11:00 a.m.
DATE September 27, 2024
ROBERT R. REED, J.S.C.