| **Matter of Reinbold** |
| 2025 NY Slip Op 30268(U) |
| January 17, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2021-1590/B |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Petition of Christian Beliard as
Temporary Administrator of the Estate of

       ANDREE REINBOLD,

              Deceased

To Compel the Turnover of Property of the Estate
Pursuant to SCPA 2103
------------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.

JAN 17 2025

DECISION and ORDER

File No.: 2021-1590/B

M E L L A, S.:

      The court considered the following submissions in deciding this motion to compel response to discovery demands and for the imposition of sanctions for failure to comply:

| Papers Considered | Numbered |
|---|---|
| Notice of Motion to Compel, dated September 24, 2024,<br>     and Affirmation in Support of Motion<br>     by Steven Guerra, Esq., with Exhibits | 1,2 |

      In this contested turnover proceeding in the estate of Andree Reinbold, the Temporary Administrator, Christian Beliard (Petitioner), moves for an order compelling respondent Robert Fitzsimmons (Respondent) to respond to Petitioner's First Set of Interrogatories and Demand for Documents and then appear for a deposition (CPLR 3124), and, if Respondent fails to comply with such order, entering a judgment by default against Respondent or striking his Answer (CPLR 3126).

      In the underlying proceeding, Petitioner seeks turnover of $486,567.27 and any other property Respondent may have collected or withdrawn from decedent's bank accounts while acting as his attorney-in-fact. After Respondent filed an Answer asserting certain affirmative defenses, the court held a conference at which counsel for the parties appeared. Thereafter, the court issued a Pre-Trial Order on June 3, 2024 (Pre-Trial Order), that established specific

[* 1]

deadlines for document production and examinations before trial, and set September 9, 2024, as the deadline for the completion of all discovery. The Pre-Trial Order also provided that the failure to comply with its terms could result in sanctions, including the "issuance of a default judgment or decree." After Respondent failed to respond to Petitioner's timely discovery demand, and the deadline for completion of discovery passed, Petitioner made the instant motion, and Respondent defaulted.

In support of his motion, counsel for Petitioner filed an affirmation in which he detailed his good faith efforts to resolve all discovery issues with Respondent's counsel (*see* 22 NYCRR §202.7[a]). Counsel affirms that that Respondent was served with the discovery demands at issue, in compliance with the Pre-Trial Order, and that, notwithstanding numerous efforts to communicate with Respondent's counsel, to date, no responses or documents have been provided to Petitioner. Petitioner's counsel also affirms that Respondent was served with a Notice of Deposition with a proposed date, which date was adjourned on consent at the request of Respondent's counsel due to a scheduling conflict. According to Petitioner's counsel, however, he was unable to reschedule the deposition because Respondent's counsel failed to respond to any of his subsequent communications.

A party seeking disclosure may move to compel compliance for failure to respond or comply with a discovery demand (*see* CPLR 3124). The standard for evaluating such motion is whether the sought after discovery is "material and necessary" to the prosecution or defense of an action (*see* CPLR 3101[a]). "What constitutes 'material and necessary' should be construed liberally to require disclosure of any facts bearing on the controversy which assist by sharpening the issues and reducing delay" (*Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 340-341 [1st Dept 2007]).

2

[* 2]

Here, the record establishes that Respondent did not respond to Petitioner's First Set of Interrogatories and Demand for Documents and did not appear for his deposition after being duly noticed, and he did so without objecting (*see* CPLR 3122) or seeking a protective order regarding any discovery he believed improper (*see* CPLR 3103). Under these circumstances and given that discovery sought appears to be reasonably calculated to obtain information that is "material and necessary" to the prosecution of Petitioner's claim, Petitioner's unopposed motion to compel is granted to the extent that Respondent is directed to respond to Petitioner's First Set of Interrogatories and Demand for Documents and produce the requested documents and information within twenty days of the date that this Decision and Order is served upon his counsel, with Notice of Entry. Respondent is further directed to appear for a deposition within thirty days of producing the requested documents and information at a date and time noticed by Petitioner.

As for that part of the motion that requests that, pursuant to CPLR 3126, the court enter a judgment on default against Respondent or strike Respondent's Answer should the motion to compel be granted and Respondent fails to comply with this court's order, a court may impose sanctions when a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (*see* CPLR 3126). The "nature and degree" of any penalty is a matter within the court's discretion (*Han v New York City Tr. Auth.*, 169 AD3d 435 [1st Dept 2019], citing *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]). In determining what, if any, sanction is appropriate on a motion pursuant to CPLR 3126, courts regularly condition sanctions upon a party's failure to comply with discovery obligations within a specific time frame (*see e.g. Garcia v Defex*, 59 AD3d 183 [1st Dept 2009] [affirming conditional order imposing

[* 3]

sanctions where party had, among other things, failed to meet discovery obligations and failed to object or seek a protective order]).

The uncontroverted record before the court demonstrates that Respondent ignored every discovery deadline set forth in the Pre-Trial Order. Thereafter, he did not offer any excuse for his non-compliance with the Pre-Trial Order and then defaulted on the instant motion, which asked the court, in essence, to grant the Petition on default, if Respondent again failed to meet his discovery obligations. Respondent did so even though the Pre-Trial Order specifically noted that the failure to comply could result in sanctions. Under these circumstances, the court concludes that a conditional sanctions order is warranted. Accordingly, that part of the motion that seeks relief under CPLR 3126 is granted to the extent that, if Respondent fails to comply with Petitioner's First Set of Interrogatories and Demand for Documents within the period of time established by this Decision and Order, Respondent's answer will be stricken upon Petitioner's serving and filing an affirmation of counsel reporting Respondent's non-compliance.

This decision constitutes the order of the court.

The Clerk of the Court is directed to send a copy of this Decision and Order to counsel of record at the addresses below by regular mail and email.

Dated: January 17, 2025

_____
S U R R O G A T E

TO:

| Steven Guerra, Esq. | Paul O'Brien, Esq. |
|---|---|
| *Attorney for Petitioner* | *Attorney for Respondent* |
| 42 West Street, Third Floor | 10 Bay Shore Avenue, Unit 5711 |
| Brooklyn, New York 11222 | Bay Shore, NY 11706 |
| steven@stevenguerralaw.com | paul@obrienpllc.com |

4

[* 4]