Perrone v Suez Water Assoc., Inc. (2025 NY Slip Op 01052)

Perrone v Suez Water Assoc., Inc.

2025 NY Slip Op 01052

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 153276/19|Appeal No. 3732|Case No. 2024-01776|

[*1]Joseph Perrone, Plaintiff,
v
Suez Water Associates, Inc., et al., Defendants-Appellants.
Suez Water Associates, Inc., et al., Third-Party Plaintiffs-Appellants,
v
Michael Mileno, et al., Third-Party Defendants-Respondents.

Malapero Prisco & Klauber LLP, New York (Amanda N. Walsh of counsel), for appellants.
Penino & Moynihan LLP, White Plains (William A. Elder of counsel), for respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered January 17, 2024, which, to the extent appealed from as limited by the briefs, denied defendants/third-party plaintiffs' motion to strike third-party defendants-respondents' answer or in the alternative, to compel certain discovery demands, unanimously modified, on the law, to the extent of granting the motion to compel discovery with the appropriate redactions to prevent disclosure of private information and otherwise affirmed, without costs.
Defendants demonstrated a need for the additional discovery, including the names of the Milenos' real estate broker, closing attorney, and mortgage bank, who may possess pre-closing inspection reports or photographs taken of the property and adjacent sidewalk before the closing. CPLR 3101(a) mandates full disclosure of matters "material and necessary in the prosecution or defense of an action" (Matter of Kapon v Koch, 23 NY3d 32, 37 [2014]). The documents sought are plainly relevant in that they may serve to establish whether the defect that caused plaintiff's injury existed prior to defendants' excavation work. Accordingly, defendants' motion should have been granted to the extend stated herein (see Rivera v City of New York, 61 AD3d 521, 521 [1st Dept 2009]; Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 341 [1st Dept 2007]). The Milenos may redact the documents prior to disclosure to protect private information that is not relevant to this action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025