■ EDITH K. DAVIS, Appellant, v EDWARD S. DAVIS, Respondent. — Order of the Supreme Court, New York County (Richard Wallach, J.), entered on February 15, 1983, which denied plaintiff's motion for summary judgment and for dismissal of defendant's counterclaims, is modified, on the law, to the extent of dismissing the first and second counterclaims and dismissing the fourth counterclaim except to the extent of $500, and otherwise affirmed, without costs or disbursements. The parties herein were married on November 20, 1959. On or about February 9, 1971, they entered into a separation agreement which was subsequently incorporated, but not merged, into a judgment of divorce granted by the Republic of Mexico. Pursuant to paragraph 3a of the agreement, the defendant husband promised to pay the plaintiff wife the sum of $2,000 on the fifth day of each month for the support and maintenance of her and their two children. The agreement also contained a clause requiring that the defendant pay additional alimony in proportion to certain increases in his annual income. For over 11 years, the defendant complied with the obligations imposed upon him by the separation agreement. However, beginning in July of 1982, he ceased to make any further payment. Although the defendant denies that any sum is due and owing to his former wife, he does not dispute that the payments in question were not made. Instead, he has raised four affirmative defenses and counterclaims. Plaintiff moved for summary judgment and for dismissal of the defendant's counterclaims, arguing, in part, that the first and second counterclaims were barred by the applicable Statutes of Limitation and that the fourth counterclaim was so barred except to the extent of $500. In denying the motion in full, Special Term held that since the counterclaims at issue arose out of the same transaction as that alleged in the complaint (execution and delivery of the separation agreement), they were not precluded by the relevant Statutes of Limitation. We disagree. The first counterclaim asserts mutual mistake in the drafting of the support provision of the agreement. In that regard, the defen-

dant seeks the equitable relief of reformation of the agreement. An action to reform an agreement based on mutual mistake must be commenced within six years of the occurrence (CPLR 213, subd 6) or two years from the discovery of the mistake (CPLR 203, subd [f]). The alleged mutual mistake occurred some time during or prior to 1971, when the agreement was entered into by the parties, and discovery of that mistake took place no later than in 1974 when the plaintiff informed the defendant that she had procured employment. Applying either criterion, the Statute of Limitations expired long before the plaintiff instituted suit in October of 1982. The second counterclaim is based on fraud and contends that the plaintiff deceived the defendant in representing to him that she would never be able to support and maintain herself or to obtain work. The purported fraud, however, occurred prior to the execution of the agreement, and the defendant supposedly learned of that fraud no later than 1974. In both instances, the claim is barred by the Statute of Limitations. (CPL 213, subd 8; 203, subd [f].) The fourth counterclaim requests repayment of $4,875 plus interest for loans allegedly advanced by the defendant to the plaintiff between September of 1973 and August of 1977. Although the plaintiff admits that she received $3,500 from the defendant in excess of amounts due under the separation agreement, she challenges the defendant's characterization of the money involved as loans. At any rate, all but $500 of the disputed payments were made more than six years before she instituted the instant action and are thus barred by the Statute of Limitations. (CPLR 213.) According to CPLR 203 (subd [c]): "A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed." Therefore, only those claims which arise out of the same transaction or occurrence as that set forth in the complaint may be asserted in the nature of a defense or counterclaim and then only as a setoff. Plaintiff's complaint is founded upon the defendant's presumed failure to perform under the separation agreement. In *Matter of SCM Corp. (Fisher Park Lane Co.)* (40 NY2d 788), the Court of Appeals held that a claim alleging breach of contract and a counterclaim based on the negotiations leading to the execution of the contract do not arise out of the same transaction or occurrence. Since the defendant's time-barred first and second counterclaims asserting mutual mistake and fraud relate "to the negotiation and articulation of the agreement made between the parties prior to its execution" (*Matter of SCM Corp. [Fisher Park Lane Co.], supra,* at p 792), they are not preserved as setoffs to the complaint. As to the fourth counterclaim, it does not arise out of the same transaction or occurrence as that alleged in the complaint in that the purported loans in question were clearly not made pursuant to the separation agreement. Moreover, despite the defendant's contention to the contrary, he does not attack the validity of the agreement itself, but merely seeks reformation of the support provision. Nor does he argue that the agreement was improperly executed or delivered; his claim of fraud refers to matters which took place prior to the execution of the agreement and are, consequently, extrinsic to that agreement. Accordingly, Special Term improperly denied plaintiff's motion to dismiss the first and second counterclaims and to dismiss the fourth counterclaim except to the extent of $500. Concur — Murphy, P. J., Ross, Asch, Milonas and Kassal, JJ.