■ ADAM R. LEVY et al., Respondents, v JOHN KENDRICKS, Also Known as HANK BALLARD, Appellant.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 10, 1990, granting plaintiff's motion pursuant to CPLR 4401 dismissing defendant's counterclaims to the extent that they arise out of or relate to income derived from the commercial exploitation of defendant's compositions, collected or paid by Fort Knox Music Company, unanimously affirmed, without costs.

This is an action for a declaratory judgment to determine plaintiff's rights pursuant to an agreement entered into on or about December 22, 1975 to collect royalty and other income attributable to certain copyrighted materials composed and written by the defendant. On cross motions for summary judgment, the IAS Court (Harold Baer, J.) determined that while the agreement appeared to be an all encompassing assignment and sale of defendant's interest in the copyrighted materials, it contained references to copyright renewal and writer's share (which are terms of art referable to mechanical income), suggesting that the parties intended a more limited assignment than plaintiff suggests. The distinction between writer's share interest and performer's interest is significant in that plaintiff seeks to collect monies otherwise payable to defendant from Broadcast Music, Inc., (BMI), which holds a contract for defendant's performing rights with respect to the copywrited materials. The judgment appealed from does not address plaintiff's right to collect with respect to defendant's performance interests and, therefore, Justice Baer's order denying summary judgment was not the law of the case with respect to the issues on appeal. In addition, as noted by Justice Glen, the December 22, 1975 agreement is specific and all encompassing insofar as it relates to copyright and writer's share.

The trial court also correctly determined that defendant's counterclaims, insofar as they allege fraud in the inducement were barred by the Statute of Limitations and not revived pursuant to the provisions of CPLR 203 (c). Where, as in this case, the plaintiff's claims relate to its right to performance under the terms of an agreement, counterclaims arising out of the negotiation and events leading up to the execution of the agreement are not revived pursuant to CPLR 203 (c). (See, Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788; Davis v Davis, 95 AD2d 674.) Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.