■ LEONARD W. COOPER, Appellant, v COOPER & CLEMENT, INC., Respondent. (Appeal No. 1.) [605 NYS2d 720] —Appeal from order insofar as it denied partial summary judgment on principal in the amount of $418,500 unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: With respect to the order on appeal in appeal No. 1, Supreme Court erred in denying plaintiff's motion for summary judgment on 32 promissory notes representing loans that plaintiff had made to defendant. Those notes were facially valid and provided for payment on demand at an interest rate of 12%.

Plaintiff was entitled to summary judgment with respect to those notes on their stated terms.

With respect to the order and judgment in appeal No. 2, Supreme Court granted plaintiff reargument and, upon reargument, properly awarded plaintiff partial summary judgment for the principal amount of those 32 notes. That order and judgment superseded that part of the order in appeal No. 1, determining plaintiff's entitlement to principal (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985), and it is affirmed. We dismiss, therefore, plaintiff's appeal from the order in appeal No. 1 insofar as it denied partial summary judgment on principal in the amount of $418,500. Because plaintiff sought reargument with respect to principal only, the order and judgment issued upon reargument does not supersede the order in appeal No. 1 with respect to the issue of interest.

We modify the order in appeal No. 1, therefore, by awarding plaintiff interest at the rate of 12% on those 32 notes commencing from the date of demand.

Defendant's contention that parol evidence establishes that the parties never intended to enforce the notes and that the purpose of the notes was to enable plaintiff to avoid certain tax consequences is without merit. As a matter of public policy, parol evidence is inadmissible to support a defense that promissory notes were prepared as part of a scheme to defraud the Internal Revenue Service (see, Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau, 593 F Supp 239, revd on other grounds 766 F2d 709; see also, Bersani v General Acc. Fire & Life Assur. Corp., 36 NY2d 457; Chase Lincoln First Bank v Watson, 139 AD2d 903, lv denied 72 NY2d 810). " 'Public policy requires that a person who, for the accommodation of [another] executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced' " (Bank of Am. Natl. Trust & Sav. Assn. v Gillaizeau, supra, at 243, quoting Mount Vernon Trust Co. v Bergoff, 272 NY 192, 196). Defendant's further contention that there is an issue of fact whether the notes were interest bearing when executed lacks merit. Defendant presented that contention only in an attorney's affirmation and it is unsupported by evidentiary proof in admissible form (see generally, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). (Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.