■ 182 FRANKLIN STREET HOLDING CORP., Appellant, v FRANKLIN PIERREPONT ASSOCIATES et al., Respondents, et al., Defendant. [630 NYS2d 64] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 29, 1994, which, to the extent appealed from, denied plaintiff's cross motions to dismiss defendants' second affirmative defense of equitable recoupment and for summary judgment, unanimously reversed, on the law, and the cross motions granted, without costs.

On November 25, 1985, a predecessor in interest to defendant limited partnership Franklin Pierrepont Associates ("FPA") executed a written contract of sale to purchase real property from a predecessor in interest to plaintiff. The contract called for the delivery of a *non-recourse* note and purchase money mortgage. At the September 22, 1986 closing,

during which all parties were represented by counsel, the defendant FPA delivered to the seller a *recourse* note and purchase money mortgage.

It is undisputed that FPA is in default on its monthly payments on the note. Plaintiff commenced this action against FPA and the individual defendants, who are partners in FPA, for payments owed and for foreclosure. Defendants claim that they are not obligated to make payments because the note and mortgage did not contain the exculpatory clause called for in the contract of sale. The answer, to the extent relevant on appeal, interposes affirmative defenses that essentially seek reformation of the note and mortgage.

The doctrine of equitable recoupment, as codified in CPLR 203 (d) (formerly 203 [c]), permits a defendant to revive as an affirmative defense or counterclaim that which would ordinarily be time barred. However, for the doctrine to apply, the defendant's counterclaim or affirmative defense must arise out of the same transaction or series of transactions that form the basis of, and must be sufficiently related to, the causes of action alleged in the plaintiff's complaint (*see, Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791). If the plaintiff's claims relate to its right to performance under the terms of an agreement, counterclaims arising out of the negotiation and events leading up to the execution of the agreement are not revived (*Levy v Kendricks*, 170 AD2d 387, 388). Here, the IAS Court correctly recognized that any attempt to obtain reformation of the note and mortgage which is premised on fraud or mutual mistake must fail as barred by the statute of limitations. Nevertheless, it erroneously permitted the second affirmative defense by way of counterclaim for reformation under the doctrine of equitable recoupment to stand and denied plaintiff summary judgment.

Defendants' reliance on *X.L.O. Concrete Corp. v Rivergate Corp.* (190 AD2d 113, *affd* 83 NY2d 513) is misplaced. There the defendant did not seek to reform the contract upon which the plaintiff sued. Rather, defendant sought to counterclaim for damages based on the statutory illegality of the same contract terms upon which plaintiff was suing. Here, plaintiff's action simply seeks to enforce the terms of the note and mortgage and defendants' claim for reformation, which is based on the earlier contract of sale, arises out of the negotiation and events leading up to the execution of the note and mortgage. As the defendants here do not seek to enforce any rights under the same agreement that plaintiff seeks to enforce, but rather seek to reform it, they are not entitled to rely on CPLR 203 (d)

*(Levy v Kendricks, supra)*. To hold otherwise would relieve counsel and their clients of their obligation to review the note and mortgage at the closing, and to act with due diligence to correct any error either at the closing or, if necessary, in a timely action for reformation. Accordingly, it was error for the IAS Court to deny plaintiff's cross motions for dismissal of the second affirmative defense and for summary judgment in its favor. Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.