Appeal and cross appeal from a judgment (denominated order) of Supreme Court, Wayne County (Sirkin, J.), entered August 19, 2002, which denied plaintiffs motion for summary judgment.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting judgment in favor of defendant as follows:
*891 It is adjudged and declared that plaintiff must defend defendant in the underlying action until the disputed factual allegations are resolved at trial and as modified the judgment is affirmed without costs.
Memorandum: Supreme Court properly denied plaintiffs motion for summary judgment in this declaratory judgment action. Although no covered occurrence is evident from the four corners of the complaint in the underlying action, that is not the “sole criteria for measuring the scope of’ the duty to defend (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 66 [1991]). An insurer must provide a defense where it has knowledge of facts that would “potentially bring the claim within the policy’s indemnity coverage” (id.). Here, the plaintiff in the underlying action, Alan Cook, contends that defendant intentionally drove his motor vehicle at him, while defendant contends that he drove off the road toward Cook, who was waving a flashlight and yelling, to see if he was in trouble or needed assistance. If the truck’s mirror hit Cook under the latter circumstances, defendant’s conduct may have constituted a negligent act involving the use of a motor vehicle falling within the policy’s coverage.
The court, however, erred in denying the motion without declaring the rights of the parties. “[RJather than mechanically applying only the ‘four corners of the complaint’ rule . . ., the sounder approach is to require the insurer to provide a defense when it has actual knowledge of facts establishing a reasonable possibility of coverage” (id. at 67; see also A. Meyers & Sons Corp. v Zurich Am. Ins. Group, 74 NY2d 298, 302 [1989]). An insurer cannot ignore facts made known to it by its insured and rely on the complaint alone to assess its duty to defend (see Fitzpatrick, 78 NY2d at 70). If any of the claims against defendant in the underlying action arguably arise from a covered occurrence, plaintiff is required to defend the entire action (see Frontier Insulation Contr. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). We therefore modify the judgment by granting judgment in favor of defendant declaring that plaintiff must defend defendant in the underlying action until the disputed factual allegations are resolved at trial. Present—Green, J.P., Wisner, Gorski and Lawton, JJ.