GRIFFITH OIL COMPANY, INC., et al., Respondents-Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant-Respondent, and AMERICAN HOME ASSURANCE COMPANY, Respondent, et al., Defendants. (Appeal No. 2.) [789 NYS2d 352]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered February 3, 2004. The judgment, inter alia, granted plaintiffs' motion for leave to reargue the denial of that part of plaintiffs' cross motion seeking summary judgment on the first cause of action and declared that defendant National Union Fire Insurance Company of Pittsburgh, Pa., has a duty to defend plaintiffs in an action commenced by Steuben Contracting, Inc. against them.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting those parts of the cross motion of plaintiffs with re-

spect to the proceeding brought by the United States Environmental Protection Agency and their claim for "lost product," by granting judgment in favor of plaintiffs as follows:

"It is adjudged and declared that defendant National Union Fire Insurance Company of Pittsburgh, Pa. must defend plaintiffs in the proceeding brought by the United States Environmental Protection Agency and

"It is further adjudged and declared that defendant American Home Assurance Company must indemnify plaintiffs with respect to their claim for "lost product" as set forth in the first cause of action and by denying the motion of defendant American Home Assurance Company with respect to that claim and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs sought coverage from defendants National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) and American Home Assurance Company (American Home) (collectively, defendants) for liability resulting from a spur pipeline oil leak in Steuben County (*see Steuben Contracting v Griffith Oil Co.*, 283 AD2d 1008 [2001]). Defendants denied coverage, whereupon plaintiffs commenced this action seeking a declaration that defendants had a duty to defend and indemnify and alleging, inter alia, breach of contract for failure to defend and indemnify, intentional misconduct and liability pursuant to Navigation Law § 190.

Because Supreme Court granted leave to reargue with respect to that part of the order in appeal No. 1 that denied that part of plaintiffs' cross motion seeking summary judgment on plaintiffs' first cause of action, we dismiss plaintiffs' appeal from the order in appeal No. 1 insofar as it denied that part of plaintiffs' cross motion (*see Cooper v Cooper & Clement*, 198 AD2d 812, 813 [1993]; *Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]), but we otherwise affirm that order. The court properly granted those parts of defendants' motions seeking partial summary judgment dismissing plaintiffs' third cause of action for intentional misconduct. In support of their motions, defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by tendering evidence that, upon receiving notice of the occurrence, they had an arguable basis for denying coverage (*see Redcross v Aetna Cas. & Sur. Co.*, 260 AD2d 908, 913 [1999], citing *Dawn Frosted Meats v Insurance Co. of N. Am.*, 99 AD2d 448 [1984], *affd* 62 NY2d 895 [1984]). In opposition, plaintiffs failed to raise a material issue of fact whether the conduct of defendants constituted a "deliberate or reckless failure to place on equal footing the interests of [their] insured with [their] own

interests" (*Cappelletti v Unigard Ins. Co.*, 222 AD2d 1029, 1032 [1995]). We further conclude that the court properly denied that part of the cross motion of plaintiffs seeking summary judgment on their fourth cause of action based upon Navigation Law § 190 because that statute has no relevance to the coverage issues that form the basis of plaintiffs' complaint.

With respect to appeal No. 2, we conclude that the court properly denied that part of plaintiffs' cross motion for partial summary judgment seeking indemnification under the National Union policy as set forth in the first cause of action. In support of their cross motion, plaintiffs submitted contradictory evidence whether an exception to the pollution exclusion clause in the policy is applicable, and thus they failed to meet their burden (*see Northville Indus. Corp v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 AD2d 19, 25-26 [1995], *affd* 89 NY2d 621 [1997]). We further conclude that the court properly declared that National Union had a duty to defend plaintiffs in the underlying litigation because plaintiffs' claims arguably arise from a covered occurrence, and thus National Union is required to defend the entire action (*see Graphic Arts Mut. Ins. Co. v Abrams*, 1 AD3d 890, 891 [2003]). Nevertheless, the court erred by denying that part of the cross motion of plaintiffs seeking a declaration that National Union had a duty to defend and indemnify them in the proceeding brought by the United States Environmental Protection Agency (EPA). The National Union policy, by its explicit terms, covers the "claim or suit" brought by the EPA in its field notice and the loss occasioned by the consent order resolving the claims by the EPA. Finally, we conclude that the court erred by denying that part of plaintiffs' cross motion seeking a declaration and granting that part of American Home's motion with respect to plaintiffs' claims for indemnification for "lost product" as set forth in the first cause of action, because the record establishes that plaintiffs gave notice to American Home of an "occurrence which may give rise to a claim" as required by the American Home policy. We therefore modify the judgment in appeal No. 2 by granting those parts of the cross motion of plaintiffs with respect to the EPA proceeding and their claim for "lost product," by declaring that National Union must defend plaintiffs in the EPA proceeding and further declaring that American Home must indemnify plaintiffs with respect to their claim for "lost product" as set forth in the first cause of action and by denying American Home's motion with respect to that claim. Present—Pigott, Jr., P.J., Green, Smith and Hayes, JJ.