OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action to recover for, among other things, battery, the record reveals that plaintiff commenced a prior action in federal court against defendant and the City of New York, and defendant served an answer with a counterclaim in that action to recover for personal injuries, alleging, among other things, that plaintiffs conduct had been “wilful and negligent.” Defendant thereafter stipulated to discontinue that counterclaim without prejudice, and plaintiff settled his action against the City of New York. As a result, the federal court dismissed the action, without prejudice, as it chose to no longer exercise jurisdiction over the pendent state claims. Plaintiff then commenced an action in Supreme Court, Queens County. Defendant served an answer with the same counterclaim he had timely filed in the action in federal court. The action was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d).
Plaintiff thereafter moved to dismiss the counterclaim on the grounds that it was untimely and failed to state a cause of action. By order dated April 15, 2013, the Civil Court denied the motion, finding that the complaint stated a cause of action and that the action had been timely commenced pursuant to CPLR 205 (b). We affirm, but not based on CPLR 205 (b).
CPLR 205 (b) provides:
“Defense or counterclaim. Where the defendant has served an answer and the action is terminated in any manner, and a new action upon the same transaction or occurrence or series of transactions or occurrences is commenced by the plaintiff or his successor in interest, the assertion of any cause of action or defense by the defendant in the new action shall be timely if it was timely asserted in the prior action.”
Defendant’s counterclaim includes a cause of action for, in effect, personal injuries based on assault and battery, which was *87 not filed within one year as required (see CPLR 215 [3]). We find that defendant was not entitled to the benefit of the tolling provision of CPLR 205 (b) on this cause of action since his counterclaim had been voluntarily discontinued prior to the dismissal of the federal action and, thus, was never effectively interposed within the meaning of CPLR 205 (b) (see Newman v Newman, 245 AD2d 353, 354 [1997] [“When an action is discontinued, it is as if it had never been”], citing Brown v Cleveland Trust Co., 233 NY 399 [1922]; cf. CPLR 205 [a] [providing a six-month recommencement period for actions except for, among others, actions that were voluntarily discontinued]).
However, CPLR 203 (d) provides, in pertinent part:
“A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed.”
Here, defendant’s counterclaim arose out of the same occurrence upon which a claim asserted in the complaint depends. Consequently, the cause of action in defendant’s counterclaim based on assault and battery is not time-barred to the extent of the demand in the complaint (see Davis v Davis, 95 AD2d 674, 675 [1983] [interpreting former CPLR 203 (c), now CPLR 203 (d)]), notwithstanding that it was barred at the time the claims asserted in the complaint were interposed (see Mintz & Fraade, P.C. v Docuport, Inc., 110 AD3d 496 [2013]). However, we note that “ ‘[t]he provisions of CPLR 203 (d) allow a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint . . . only as a shield for recoupment purposes, and do[ ] not permit the defendant to obtain affirmative relief’ ” (Carlson v Zimmerman, 63 AD3d 772, 774 [2009], quoting DeMille v DeMille, 5 AD3d 428, 429 [2004]).
We further note that, to the extent defendant’s counterclaim asserts a cause of action for personal injury based on negligence, it was timely, as it was interposed within three years from the time it accrued (see CPLR 214 [5]). Thus, should defendant be able to establish such a cause of action, any recovery thereon would not be limited by CPLR 203 (d).
*88 Finally, we find that the counterclaim sufficiently states a cause of action (see Leon v Martinez, 84 NY2d 83 [1994]). Accordingly, the order is affirmed.
Pesce, P.J., and Elliot, J., concur; Solomon, J., taking no part.