# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**398**
**CA 16-00840**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

JOSEPH M. BRAINARD, INDIVIDUALLY AND ON BEHALF
OF BRAICO ENTERPRISES, LLC, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CINDY BARDEN, JOHN BARDEN, DOUBLE DOWN TRANSPORT
NY, INC., DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

ANTHONY J. CERVI, BUFFALO, FOR PLAINTIFF-APPELLANT.

WOODS OVIATT GILMAN LLP, BUFFALO (WILLIAM F. SAVINO OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 7, 2016. The order and judgment, inter alia, granted the motion of defendants John Barden, Cindy Barden and Double Down Transport NY, Inc., for partial summary judgment on the third counterclaim in their amended answer.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, Joseph M. Brainard (Brainard), individually and on behalf of Braico Enterprises, LLC (Braico), commenced this action seeking damages arising from an asset purchase transaction. Brainard and/or Braico entered into an asset purchase agreement with defendant Cindy Barden, the sole shareholder of defendant Double Down Transport NY, Inc. (DDTNY), to purchase the assets of DDTNY. Supreme Court granted the second motion of John Barden, Cindy Barden and DDTNY (defendants) seeking partial summary judgment on the third counterclaim contained in their amended answer. We affirm.

The third counterclaim asserted a claim for conversion and sought payment of $56,292.82 based upon plaintiff's alleged failure to reimburse DDTNY for Braico's use of DDTNY's fuel debit cards, in accordance with an oral agreement between Brainard and John Barden. In his reply to the counterclaims, plaintiff admitted the allegations contained in the third counterclaim for conversion.

Contrary to plaintiff's contention, the court properly exercised its discretion to entertain defendants' second motion for partial

summary judgment, where, as here, "it is substantively valid and [when] the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (*Town of Angelica v Smith*, 89 AD3d 1547, 1549 [internal quotation marks omitted]).  The admissions in plaintiff's reply to the allegations in the third counterclaim "constitute formal judicial admissions" and are conclusive with respect to the facts admitted (*Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 412).  Thus, contrary to plaintiff's further contention, we conclude that defendants established their entitlement to judgment on their third counterclaim, and that plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court