Cornell v County of Monroe (2018 NY Slip Op 00729)





Cornell v County of Monroe


2018 NY Slip Op 00729


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1372 CA 17-00675

[*1]MARLENE CORNELL, AS ADMINISTRATOR OF THE ESTATE OF SAMUEL CONDELLO, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
COUNTY OF MONROE, DEFENDANT-APPELLANT-RESPONDENT. (APPEAL NO. 1.) 






MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (MATTHEW D. BROWN OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
DAVID L. MURPHY, PC, ROCHESTER (DAVID L. MURPHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered June 23, 2016. The order, inter alia, denied the motion of plaintiff for partial summary judgment on the issue of liability with respect to her Public Health Law cause of action and the motion of defendant for partial summary judgment dismissing the Public Health Law and negligence causes of action. 
It is hereby ORDERED that said appeal is unanimously dismissed and the order is affirmed without costs.
Memorandum: Plaintiff's decedent, Samuel Condello, was a wheelchair-bound resident at Monroe Community Hospital (MCH). On December 6, 2012, Condello was deprived of his manual wheelchair by MCH's executive director. Condello's health thereafter deteriorated, and he died on January 9, 2013. Plaintiff filed the instant complaint asserting causes of action for violations of Public Health Law
§ 2801-d, negligence, and wrongful death. Plaintiff moved for partial summary judgment on the issue of liability with respect to her Public Health Law cause of action, and defendant moved for partial summary judgment seeking to dismiss the causes of action concerning the Public Health Law and negligence on the ground that plaintiff allegedly failed to file a timely notice of claim. Plaintiff cross-moved for leave to file a late or amended notice of claim, if necessary, and leave to amend the complaint. By the order on appeal in appeal No. 1, Supreme Court denied the motions and cross motion. Thereafter, by the order on appeal in appeal No. 2, the court granted defendant's motion for leave to reargue its prior motion for partial summary judgment and, upon reargument, adhered to its determination denying that motion. Defendant appeals in appeal Nos. 1 and 2, and plaintiff cross-appeals in appeal No. 1.
As a preliminary matter, we note that, because the court granted leave to reargue with respect to that part of the order in appeal No. 1 that denied defendant's motion, we dismiss defendant's appeal from the order in appeal No. 1 (see Griffith Oil Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 15 AD3d 982, 983 [4th Dept 2005]; Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]). We treat the order in appeal No. 1 only with respect to plaintiff's cross appeal.
Contrary to plaintiff's contention on her cross appeal in appeal No. 1, the court properly denied her motion. Liability under Public Health Law § 2801-d is not based on a deviation from accepted standards of medical practice or a breach of a duty of care (see Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001 [2d Dept 2016]). Rather, liability under the statute "contemplates injury to the patient caused by the deprivation of a right conferred by contract, [*2]statute, regulation, code or rule, subject to the defense that the facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient" (Moore v St. James Health Care Ctr., LLC, 141 AD3d 701, 703 [2d Dept 2016] [internal quotation marks omitted]). Here, even assuming, arguendo, that plaintiff met her initial burden on the motion, we conclude that defendant raised triable issues of fact by submitting evidence that it "exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient" (id.; see § 2801-d [1]). In light of our determination, we see no need to address plaintiff's contention concerning punitive damages.
Contrary to defendant's contention in appeal No. 2, we conclude that the court properly denied its motion inasmuch as it admitted in its answer that the notice of claim was timely as to all three causes of action. It is well settled that "[f]acts admitted by a party's pleadings constitute judicial admissions" (Falkowski v 81 & 3 of Watertown, 288 AD2d 890, 891 [4th Dept 2001]), and that "[f]ormal judicial admissions are conclusive of the facts admitted in the action in which they are made" (Zegarowicz v Ripatti, 77 AD3d 650, 653 [2d Dept 2010]; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412 [2014]; Brainard v Barden, 148 AD3d 1687, 1688 [4th Dept 2017]). In view of defendant's admission, we conclude that plaintiff's notice of claim was timely and, thus, we see no need to address the parties' remaining contentions with respect to the notice of claim.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court