Green Tree Servicing, LLC v Molini (2019 NY Slip Op 02686)





Green Tree Servicing, LLC v Molini


2019 NY Slip Op 02686


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04865
 (Index No. 135873/14)

[*1]Green Tree Servicing, LLC, respondent,
v
Lawrence Molini, et al., appellants, et al., defendants.


Cardillo Law, P.C., Brooklyn, NY (Harry A. Cardillo of counsel), for appellants.
Cohn & Roth, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lawrence Molini and Eugene V. Moller appeal from a judgment of foreclosure and sale of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated July 10, 2017. The judgment of foreclosure and sale, inter alia, confirmed a referee's report and directed the sale of the subject property. The appeal brings up for review (1) so much of an order of the same court dated February 10, 2016, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lawrence Molini and Eugene V. Moller, and for an order of reference, and denied those branches of the cross motion of those defendants which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing and for summary judgment dismissing the complaint insofar as asserted against the defendant Eugene V. Moller only, and (2) so much of an order of the same court dated March 14, 2016, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lawrence Molini and Eugene V. Moller and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In June 2005, the defendant Lawrence Molini executed a note in the sum of $416,000 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide). The note was secured by a mortgage on residential property located in Staten Island, and was executed by Molini and the defendant Eugene V. Moller (hereinafter together the defendants). In November 2014, the plaintiff commenced this action against, among others, the defendants, inter alia, to foreclose the mortgage and reform it nunc pro tunc so that the property description therein reflected the correct property address. The defendants interposed an answer in which they asserted, inter alia, the affirmative defense that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment and for an order of reference. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing and for summary judgment dismissing the complaint insofar as asserted against [*2]Moller on the ground that he did not execute the note and, therefore, was not a necessary party.
In an order dated February 10, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In an order dated March 14, 2016, the court, among other things, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. On July 10, 2017, the court issued a judgment of foreclosure and sale. The defendants appeal.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862).
Here, we agree with the Supreme Court's determination that the plaintiff established its standing as a holder of the mortgage and of the note endorsed to it in blank, which it physically possessed prior to the commencement of the action (see UCC 3-201[1]; 3-204[2]; U.S. Bank N.A. v Clement, 163 AD3d 742). Additionally, the plaintiff established, prima facie, the defendants' default in their payment obligations under the note and mortgage (see Bank of N.Y. Mellon v Aiello, 164 AD3d 632). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. Therefore, we need not address their contention that the plaintiff's proof of assignments was insufficient (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545).
We disagree with our dissenting colleague on the issue of whether the plaintiff established that the note was properly endorsed pursuant to the Uniform Commercial Code and, thus, validly transferred to it. The defendants' brief, at most, mentions in passing UCC 3-202(1) along with other boilerplate legal discussion, but then relates the UCC provision to an argument that the plaintiff failed to prove the authority of the assignor to negotiate the note. Further, in challenging the endorsement itself, the defendants focus in their brief on the plaintiff's failure to establish the signature and authority of David A. Spector, whose name is on the endorsement, and the plaintiff's failure to prove the chain of assignments, but the defendants do not actually raise the issue of the affixation of the endorsement to the note. The defendants' brief focuses almost entirely upon the enforceability of the assignment, not the issue of physical possession of the note or endorsement. To the extent physical possession is argued by the defendants, their argument is that the plaintiff failed to prove when the note was received and the circumstances of its delivery, without raising any issue about this particular endorsement being firmly affixed to the note. As a result, the dispositive basis of the dissent, having not been argued on appeal, is simply not before us to consider. It is not appropriate for us to decide an appeal "on a distinct ground that we winkled out wholly on our own" (Misicki v Cardonna, 12 NY3d 511, 519), where no party has had notice and an opportunity to be heard on this ground.
We agree with the Supreme Court's determination that the cause of action to reform the mortgage on the ground of mutual mistake was timely, as it was interposed within the two-year discovery window measured from the plaintiff's receipt of the mortgage (see CPLR 213[6], 203[g][1]; Davis v Davis, 95 AD2d 674, 675).
The defendants' remaining contentions are without merit.
DILLON, J.P., ROMAN and MILLER, JJ., concur.
DUFFY, J., concurs in part and dissents in part, and votes to reverse the judgment of foreclosure and sale appealed from, on the law, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lawrence Molini and Eugene V. Moller, and for an order of reference, and modify the orders dated February 10, 2016, and March 14, 2016, accordingly, with the following memorandum:
For the reasons set forth herein, I would reverse the judgment of foreclosure and sale, on the law, deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lawrence Molini and Eugene V. Moller (hereinafter together the defendants) and for an order of reference, and modify the orders dated February 10, 2016, and March 14, 2016, accordingly.
Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). Here, the defendants opposed the plaintiff's motion contending, inter alia, that the plaintiff failed to show it possessed the note as a holder in due course and did not show that it had obtained the note by assignment.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, it was either the holder or assignee of the underlying note (see U.S. Bank, N.A. v Noble, 144 AD3d 786, 787; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). Contrary to the conclusion of the majority, and, as the record itself amply demonstrates, the plaintiff failed to show, prima facie, its status as a holder of the note at the time of commencement of the action.
A "holder" is the person "in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; see U.S. Bank N.A. v Clement, 163 AD3d 742, 743). Pursuant to article 3 of the Uniform Commercial Code, a note can be endorsed, or signed over, to a new owner. A note can also be endorsed in blank, naming no specific payee, which makes it a bearer instrument under article 3 of the Uniform Commercial Code, so that any party that possesses the note has the legal authority to enforce it (see U.S. Bank N.A. v Clement, 163 AD3d at 743; UCC 3-202[1]; 3-204[2]). If the endorsement is not on the note itself, it must be on an allonge, which is an additional piece of paper firmly attached to a note to provide room to write endorsements (see UCC 3-202[2]). An allonge may be needed when there is insufficient space on the document itself for the endorsements. As long as the allonge remains firmly affixed to the note, it becomes a part of the note (see UCC 3-202[2]). Thus, the physical delivery of a note that has an allonge endorsed in blank firmly affixed to it prior to the commencement of the foreclosure action is sufficient to transfer the obligation to the new payee (see U.S. Bank N.A. v Guy, 125 AD3d 845, 846-847), and the mortgage passes with the debt as an inseparable incident (see Citibank, N.A. v Herman, 125 AD3d 587, 588). Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note (see McCormack v Maloney, 160 AD3d 1098, 1100). That is precisely the case here.
The majority's reliance on what it perceives to be deficiencies or limitations in the defendants' opposition to the plaintiff's standing is misplaced, as there is no need to examine the sufficiency of the defendants' submissions until the plaintiff establishes its prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). In concluding that the plaintiff established its entitlement to summary judgment on the issue of standing in this case, the majority not only eschews the bedrock principles that govern an award of summary judgment (requiring the movant to establish its prima facie entitlement to judgment as a matter of law by submission of admissible evidence in support of its motion [see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; DeGiorgio v Racanelli, 136 AD3d 734, 738]), it reaches a conclusion not supported by the record—that the plaintiff "had physical possession of a note endorsed in blank," and the majority ignores the documents in the record submitted by the plaintiff, which flatly [*3]contradict each other on the issue of the plaintiff's standing and raise triable issues of fact necessitating a trial.
The plaintiff failed to show that the note was properly endorsed and, thus, validly transferred to it (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 984-985; Slutsky v Blooming Grove Inn, 147 AD2d 208, 211-212). The note itself provides that it is payable to Countrywide Home Loans, Inc. (hereinafter Countrywide), not the plaintiff. In the record on appeal, the piece of paper immediately following the copy of the note contains only a purported endorsement in blank by Countrywide. This purported "third" page is not expressly referred to in either the affidavit of the plaintiff's foreclosure specialist or any other evidence in support of the plaintiff's motion. Instead, the foreclosure specialist merely refers to an "endorsement/allonge," without any discussion of this purported "third page." The document does not meet the Uniform Commercial Code requirements necessary to constitute an allonge containing an endorsement, since no proof was submitted to indicate that the paper containing the purported endorsement was so firmly affixed to the note so as to become a part thereof as required under UCC 3-202(2) (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d at 984-985; see also One Westbank FSB v Rodriguez, 161 AD3d 715, 716). Indeed, the last page of the note indicates that it is "page 2 of 2" and has sufficient white space on the page to fit an endorsement. The purported allonge, which is undated, contains no pagination or writing in any way to demonstrate its connection to the note or that it was firmly affixed thereto. The affidavits of the plaintiff's counsel and the plaintiff's foreclosure specialist, submitted in support of the plaintiff's motion, also fail to indicate that the purported allonge is connected to the note or that it was firmly affixed thereto. Thus, this so-called allonge fails to meet the legal requirements of an allonge (see UCC 3-202[2]), and is not connected to the note by any admissible evidence, and cannot serve as an evidentiary basis for summary judgment (see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651-652; Arma Textile Printers v Spectrachem, Inc., 254 AD2d 382, 382-383).
As the majority's conclusion that the plaintiff had physical possession of the note "endorsed in blank" is not supported by admissible evidence in the record and, in fact, the note in the record plainly reveals that it is not endorsed in blank, the plaintiff failed to establish, prima facie, its standing, and therefore summary judgment should be denied (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 651-652).
Moreover, even if this purported allonge were somehow deemed to be admissible evidence, where, as here, a plaintiff submits conflicting affidavits in support of its motion, summary judgment should be denied (see Griffith Oil Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 15 AD3d 982, 984; see also U.S. Bank N.A. v Handler, 140 AD3d 948, 949). Certain representations made by the plaintiff's counsel with respect to the plaintiff's standing (in opposition to the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them based on lack of standing and in reply to the defendant's opposition to the plaintiff's motion for summary judgment) contradict those averments set forth by the plaintiff's foreclosure specialist in support of the plaintiff's motion for summary judgment, which alone warrants the denial of summary judgment (see Griffith Oil Co., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 15 AD3d at 984; see also U.S. Bank N.A. v Handler, 140 AD3d at 949). For example, the plaintiff's counsel averred that, "the Note was transferred by an endorsement which appears on the back of the signature page of the original Note, not by a separate page attached to the Note." This representation is patently contradicted by the note itself, which is found on pages 25-26 and repeated on pages 131-132 of the record on appeal. The note is a two-page document and the signature page is denominated as page "2 of 2." The "back of the signature page" is page "1 of 2" and there are no other pages to the document. The document contains no endorsement whatsoever on the signature page and there also is no endorsement on page 1. Indeed, these representations by the plaintiff's counsel are in stark contrast to the averments that had previously been made by the plaintiff's foreclosure specialist in her affidavit in support of the plaintiff's motion for summary judgment: " [t]he Note was transferred to [the] Plaintiff by Allonge and delivered from Countrywide Home Loans Inc. indorsed in blank."
Counsel for the plaintiff also represented that the note was given to Countrywide, which "delivered [it] to BAC Home Loans Servicing, LP [and] [t]hereafter the [n]ote was delivered [*4]by BAC Home Loans Servicing, LP to the plaintiff." This contention is in direct contrast to the averments of the plaintiff's foreclosure specialist, who represented that "[t]he Note was transferred to [the] Plaintiff delivered from Countrywide Home Loans Inc."
Since the plaintiff failed to make the requisite showing that the note was properly endorsed and, thus, validly transferred to it (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d at 984-985; Slutsky v Blooming Grove Inn,, 147 AD2d at 211-213), it did not establish its prima facie entitlement to judgment as a matter of law.
Moreover, although the majority does not address this issue, the plaintiff also failed to establish that it had standing based on a series of written assignments of the mortgage, beginning with an assignment of mortgage by Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Countrywide. The plaintiff failed to demonstrate that MERS had specific authority to assign the note (see Filan v Dellaria, 144 AD3d 967, 975; Citibank, N.A. v Herman, 125 AD3d at 589) and provided no proof of delivery or assignment of the note to MERS prior to the execution of the assignment (see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 585; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 853).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
However, I agree with the majority to the extent that it affirms so much of the Supreme Court's determination as denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing. " [T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied'" (Wells Fargo Bank, N.A. v Talley, 153 AD3d at 585, quoting Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60). In support of their cross motion, the defendants failed to make a prima facie showing that the plaintiff lacked standing (see OneWest Bank, FSB v Berino, 158 AD3d 811, 813; Filan v Dellaria, 144 AD3d at 975).
I further agree with the majority to the extent that it affirms so much of the Supreme Court's determination as denied that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action to reform the mortgage to correct the property address set forth in the property description as time-barred. "A cause of action seeking reformation of an instrument on the ground of mistake, including an alleged scrivener's error, is governed by the six-year statute of limitations pursuant to CPLR 213(6), which begins to run on the date the mistake was made" (Lopez v Lopez, 133 AD3d 722, 723) or "two years from the discovery of the mistake" (Davis v Davis, 95 AD2d 674, 675; see CPLR 213[6]; 203[g]). Since the plaintiff commenced this action less than two years after it first came into possession of the mortgage, the cause of action to reform the mortgage was timely.
Finally, I also agree with the majority to the extent that it affirms the Supreme Court's denial of that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Moller. Contrary to the defendants' contention, Moller, a title owner of the subject property and a mortgagor, was a necessary party to the action (see RPAPL 1311; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 403).
ENTER:
Aprilanne Agostino
Clerk of the Court