34-06 73, LLC v Seneca Ins. Co. (2021 NY Slip Op 00483)





34-06 73, LLC v Seneca Ins. Co.


2021 NY Slip Op 00483


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 652422/11 Appeal No. 12982N-12982NA Case No. 2019-04601 

[*1]34-06 73, LLC, et al., Plaintiffs-Respondents,
v
Seneca Insurance Company, Defendant-Appellant.


Rubin, Fiorella, Friedman & Mercante LLP, New York (Paul Kovner of counsel), for appellant.
Weg and Myers, P.C., New York (Dennis T. D'Antonio of counsel), for respondents.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered December 4, 2019, upon a jury verdict in plaintiffs' favor in the amount of $4,541,957.73, and order, same court and Justice, entered on or about October 18, 2019, which denied defendant's motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of reformation and direct judgment in defendant's favor, unanimously affirmed, with costs.
Supreme Court providently granted plaintiffs' application to conform the pleadings to the proof at trial to assert a claim for reformation (see CPLR 3025[c]; Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23 [1981]), which relates back to the complaint here where the applicability of the Protective Safeguards Endorsement (PSE) to the policy issued by defendant has been at the heart of the litigation from the outset and the same evidence that defendant waived enforcement of the endorsement because it inspected the subject premises and knew they were non-sprinklered but did not cancel the policy supports plaintiffs' claim that the endorsement was unenforceable, regardless of whether the claim is based on waiver or reformation (see Duffy v Horton Mem. Hosp., 66 NY2d 473, 477 [1985]; Abrams v Maryland Cas. Co., 300 NY 80, 86 [1949]).
Defendant's argument that the reformation claim was barred by the statute of limitations is based on case law that an untimely affirmative defense or counterclaim for reformation does not relate back to the plaintiff's claim for breach of contract because the breach of contract claim relates to contractual performance while the reformation counterclaim relates to negotiation and articulation of the contract prior to its execution (see Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 791-792 [1976]; 182 Franklin St. Holding Corp. v Franklin Pierrepont Assoc., 217 AD2d 508, 509 [1st Dept 1995]; Davis v Davis, 95 AD2d 674, 674-675 [1st Dept 1983]). This contention is unavailing here.
In Matter of SCM Corp., the Court of Appeals held that the landlord's counterclaim for reformation of the lease could not be saved by CPLR 203 (c) from the applicable period of limitation, because the landlord's claim for reformation and the tenant's action to recover rental overpayments did not arise from the same transactions or occurrences. The tenant's claim was founded on rent escalations resulting from increases in taxes and expenses paid in 1969 and subsequent years, while the landlord's counterclaim, which was not asserted until 1976, was based on allegations as to the intention of the contracting parties prior to and at the time the lease was executed in 1966.
In 182 Franklin St. Holding Corp., the plaintiff's action simply sought to enforce the terms of a non-recourse note and mortgage, whereas the defendants' claim for reformation, which was based on the earlier contract of sale, arose out of the negotiation and events leading up to the execution of the non-recourse note and mortgage. This Court held [*2]that the trial court correctly recognized that any attempt to obtain reformation of a non-recourse note and mortgage which was premised on fraud or mutual mistake must fail as barred by the statute of limitations because the defendant's defense did not arise out of the same transaction alleged in the plaintiff's complaint.
Here, as defendant concedes, plaintiffs have contended throughout this litigation that defendant waived or should be estopped from reliance on the PSE. Contrary to defendant's contention that reformation to eliminate the PSE is a fundamentally different claim, the applicability of the PSE is at the heart of both, and as Supreme Court observed, the same evidence supporting the waiver claim also supports reformation.
While at trial plaintiffs further adduced testimony from defendant's vice president based on the underwriting file tending to show inclusion of the endorsement in the policy was a mistake, "[d]efendants need not have been put on notice of every factual allegation on which the subsequent claim depends, because the original complaint put them on notice of the occurrences that underlie those claims" (O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 87-88 [1st Dept 2017]). Moreover, the reformation claim is responsive to defendant's fourth affirmative defense (Arthur v Homestead Fire Ins. Co., 78 NY 462, 466-467, 469 [1879]).
Furthermore, where defendant had in its possession the underwriting file which provided the basis for the testimony of its vice president tending to show inclusion of the endorsement in the policy was a mistake but failed to produce it to plaintiffs for more than four years, its assertion of prejudice is unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021