6 W. 20th St. Tenants Corp. v Dezer Props. LLC (2024 NY Slip Op 04593)

6 W. 20th St. Tenants Corp. v Dezer Props. LLC

2024 NY Slip Op 04593

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, González, Rosado, JJ. 

Index No. 158046/21 Appeal No. 2623 Case No. 2024-01058N 

[*1]6 West 20th St. Tenants Corp., Plaintiff-Appellant,
v
Dezer Properties LLC, Defendant-Respondent.

Levin & Glasser, P.C., New York (Rubin Jay Ginsburg of counsel), for appellant.
Kucker Marino Winiarsky & Bittens, LLP, New York (Joseph Goldsmith of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about February 6, 2024, which denied plaintiff's motion for summary judgment in its favor and to dismiss defendant's first, third, and fourth counterclaims, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for a hearing on damages and attorneys' fees.
Supreme Court should have granted summary judgment as to liability in plaintiff's favor on its cause of action for breach of contract (the first cause of action), which alleged that defendant failed to pay assessments, and on its related cause of action for attorneys' fees (the second cause of action). Defendant, as successor to the original sponsor and the holder of unsold shares, is bound by the terms of the original offering plan, bylaws, and form proprietary lease. In the context of shares in a cooperative corporation, "[t]he leasehold and the shareholding are inseparable" (State Tax Commn. v Shor, 43 NY2d 151, 154 [1977]). Therefore, there is no question of fact as to whether defendant is bound by the terms of the cooperative's form proprietary lease even though an executed copy could not be located (see Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 59 [2005]).
Although in general, "failure to produce [a] contract . . . constitutes a defect in its prima facie showing requiring denial of its motion for summary judgment regardless of the sufficiency of [the] opposing papers" (Colbourn v ISS Intern. Serv. Sys., Inc., 304 AD2d 369, 369 [1st Dept 2003]), the offering plan and form proprietary lease in the record provide the relevant terms governing the parties' rights and obligations. Under these facts, the allegation that no proprietary lease was ever executed is insufficient to create a question of fact.
The doctrine of res judicata also bars defendant from raising a question of fact as to its liability for the disputed assessments, and from asserting its counterclaims, which seek a refund of the assessments (first counterclaim) and recovery of its attorneys' fees (fourth counterclaim). At a previous trial in a nonpayment proceeding between these parties, Civil Court determined that the holder of unsold shares is bound to pay its proportionate share of the building-wide and common area costs as is any other shareholder, and the Appellate Term affirmed that determination (6 W. 20th St. Tenants Corp. v Dezertzov, 71 Misc 3d 1226[A], 2021 NY Slip Op 50505 [U], *12 [Civ Ct, NY County 2021], affd 75 Misc 3d 135[A] [App Term 1st Dept 2022]). Thus, the Civil Court trial already addressed defendant's general denial of its obligation to pay the assessment, its unsupported factual assertion that assessments paid for work were actually related to the interior of other apartments, and the issues raised in the counterclaims. The question of whether defendant is required to pay the disputed assessments has therefore been conclusively litigated and decided against defendant (see In re Hunter[*2], 4 NY3d 260, 269 [2005]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Furthermore, there is no merit to defendant's assertion that res judicata does not apply to the dismissal of its counterclaim in the nonpayment proceeding after trial merely because the decision did not state that the dismissal was "with prejudice" (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 98 [1st Dept 2012]).
The counterclaim seeking reformation of the offering plan, bylaws, and proprietary lease to state that defendant does not have an obligation to pay the assessments relating to the conversion of the building from commercial to residential use (third counterclaim) should have been dismissed as time-barred. Defendant has not demonstrated that CPLR 203(d) would allow it to assert a claim to reform contractual obligations that its predecessor drafted more than 40 years ago (see 182 Franklin St. Holding Corp. v Franklin Pierrepont Assoc., 217 AD2d 508, 509 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024